<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GEORGE MOORE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL KELLY,<br><br>　　　　　　Defendant. | Civil Action No. 24-11095 (ZNQ) (JTQ)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-1) in this prisoner civil rights matter. Having reviewed Plaintiff's application, this Court finds that leave to proceed without the prepayment of fees is authorized in this matter and Plaintiff's application shall therefore be granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted.

**I.    BACKGROUND**

Plaintiff is a pretrial detainee currently housed in the Atlantic County Justice Facility, a county jail. (ECF No. 1 at 2-3.) In his current complaint, Plaintiff seeks to raise a civil rights

claim under 42 U.S.C. § 1983 based on the conditions of confinement he faces in the jail. (*Id.* at 2-5.) Plaintiff asserts that the jail's toilets have "limited flushes" and do not drain immediately, and that the windows in his unit have been painted. (*Id.* at 5.) Plaintiff names only one Defendant in his complaint, the warden of the jail in which he is detained, Michael Kelly. (*Id.* at 4.) Plaintiff connects Kelly to his claims by asserting that Kelly "authorized" the alleged violations of his rights without elaboration or further explanation. (*Id.* at 4.) Plaintiff does not state that these conditions have ever been discussed with Kelly, only that he "sought . . . relief" from unnamed supervisory staff members, who did not resolve the issue. (*Id.* at 5.)

## II.     LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In his complaint, Plaintiff seeks to raise conditions of confinement claims against the warden of that jail in which he is detained pursuant to 42 U.S.C. § 1983. Plaintiff appears to base his claim against the warden solely on the warden's supervisory role which leads Plaintiff to conclude Kelly must have "authorized" the alleged violations of his rights. A defendant in a civil rights proceeding brought pursuant to § 1983 cannot be held liable merely based on his supervisory position, instead he must have personal involvement in the alleged wrong. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Supervisors are therefore generally only liable if they were directly involved in

wrongful deeds, had actual knowledge of and acquiesced in the deeds of their subordinates, or they created a policy or custom which was the moving force behind the alleged wrong. *Chavarriaga*, 806 F.3d at 222; *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

Plaintiff's complaint contains no facts which indicate Kelly's involvement in the conditions he has alleged beyond a conclusory allegation that Kelly, as warden, "authorized" any conditions within the jail. Plaintiff's bald assertion as to Kelly thus rests upon an improper vicarious theory of liability which seeks to hold Kelly liable solely based on his role as warden. As Plaintiff has pled no facts which indicate that Kelly was personally involved in the alleged conditions, either through direct action or through adopted policies or procedures, Plaintiff fails to state a plausible claim for relief against Kelly. Plaintiff's complaint must therefore be dismissed without prejudice for failure to state a claim for which relief may be granted.

### IV.    CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted. Plaintiff shall be granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Date: February 6, 2026

                                                          s/ Zahid N. Quraishi
                                               **ZAHID N. QURAISHI**
                                               **UNITED STATES DISTRICT JUDGE**